IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Celedito Morales,<br><br>  Petitioner,<br><br>vs.<br><br>Robert Steward, Warden, ASPC Eyman,<br>Arizona Attorney General,<br><br>  Respondents. | No.  CIV 07-0837-PHX-SRB (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

Celedito Morales filed a petition for writ of habeas corpus on April 23, 2007, challenging his conviction in La Paz County Superior Court for transportation of cocaine for sale, possession of cocaine for sale, and possession of cocaine, and the imposition of concurrent aggravated prison terms, the longest being 18 years. Morales raises six grounds for habeas relief. Respondents contend that his petition is untimely. The Court agrees and recommends that it be denied and dismissed with prejudice.

On direct review, the Arizona Court of Appeals vacated Morales' convictions and sentences for possession of cocaine for sale and possession of cocaine, and affirmed his conviction and sentence for transportation of cocaine for sale (Doc. #11, Exh B). The Arizona Supreme Court denied review on February 8, 2000 (*Id*., Exh J). Morales filed a notice of post-conviction relief on April 6, 2000; following an evidentiary hearing, the trial court denied relief on September 17, 2002 (*Id*., Exh K, L, M). On August 15, 2003, Morales

1  filed a petition for review; on August 4, 2004, the court of appeals denied review (*Id*., Exh
2  O). On June 16, 2005, Morales filed a second post-conviction petition, arguing error in the
3  jury instructions, admission of evidence, disclosure and sentencing (*Id.*, Exh P). The trial
4  court found the claims precluded under Ariz. R. Crim. P. 32.2(a) and untimely (*Id*., Exh Q).
5  The court of appeals denied review on May 26, 2006 (*Id*., Exh R).

6       Morales was required to file his federal petition within one year of the time his
7  conviction became final. *See* 28 U.S.C. § 2244(d). His case was final on direct review on
8  May 9, 2000, the date upon which the time for filing a petition for review to the United
9  States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A); *Bowen v. Roe*, 188 F.3d
10 1157, 1158-59 (9th Cir. 1999). Morales was required to file his habeas petition by May 9,
11 2001, absent any tolling. However, "the time during which a properly filed application for
12 post-conviction or other collateral review with respect to the pertinent judgment or claim is
13 pending shall not be counted toward any period of limitation." *See* § 2244(d)(2). Morales
14 filed a timely notice of post-conviction relief on April 6, 2000. *See Isley v. Arizona Dept.*
15 *Of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004). However, once the court of appeals
16 denied review of the dismissal of his post-conviction petition on August 4, 2004, his
17 judgment became final. He was then required to file his habeas petition by August 4, 2005.
18 Because the trial court dismissed his June 16, 2005 post-conviction petition as untimely, it
19 was not "properly filed" within the meaning of § 2244(d)(2), and cannot toll the one-year
20 limitations period. *See Pace v. DiGiguglielmo*, 544 U.S. 408 (2005).

21      Finally, Morales is not entitled to equitable tolling. He has not shown extraordinary
22 circumstances beyond his control which made it impossible for him to timely file: that he
23 diligently pursued his rights and that some "extraordinary circumstance stood in his way."
24 *Pace*, 544 U.S. at 418. In his reply, he acknowledges the Arizona Department of Corrections
25 policy which limits a prison paralegal's function to providing forms and administrative
26 assistance, and specifically prohibits a paralegal from giving legal advice. His request for
27 further assistance in filing the proper pleadings cannot be the basis for equitable tolling,
28

1  given that there is no pleading he could file at this point which would toll the already expired
2  period of limitations.

3  **IT IS THEREFORE RECOMMENDED** that Celedito Morales' petition for writ
4  of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1).

5  This recommendation is not an order that is immediately appealable to the Ninth
6  Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
7  Appellate Procedure, should not be filed until entry of the district court's judgment. The
8  parties shall have ten days from the date of service of a copy of this recommendation within
9  which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72,
10 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within
11 which to file a response to the objections. Failure timely to file objections to the Magistrate
12 Judge's Report and Recommendation may result in the acceptance of the Report and
13 Recommendation by the district court without further review. *See United States v. Reyna-*
14 *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual
15 determinations of the Magistrate Judge will be considered a waiver of a party's right to
16 appellate review of the findings of fact in an order or judgment entered pursuant to the
17 Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

18 DATED this 20th day of June, 2008.

_____
David K. Duncan
United States Magistrate Judge

- 3 -